**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MANUEL JESUS LOPEZ,
Individually and on Behalf of His Family,
and NOEL GONZALEZ,
Individually and on Behalf of His Family,

      Plaintiffs,

v.                                                  CV 10-0059 MCA/WPL

BOARD OF COUNTY COMMISSIONERS FOR
THE COUNTY OF OTERO, NEW MEXICO,
DEPUTY GREEN, DEPUTY K. FIGUEROA,
and DEPUTY ROB HANSEN,

      Defendants.

**ORDER**

In this suit Plaintiffs allege violations of constitutional, federal and state law rights arising out of an incident with Otero County Sheriff Deputies Hansen, Figueroa, and Green. (Doc. 1.) Plaintiffs allege that they were arrested and charged under a program designed to target Hispanics for questioning by federal immigration officials. (*Id.*) The Board of County Commissioners for the County of Otero, Deputy Figueroa, and Deputy Hansen have filed a motion for summary judgment on the basis of qualified immunity and additional grounds. (Doc. 22.) Defendants then filed a motion to stay the proceedings pending a decision on their summary judgment motion. (Doc. 23.) Plaintiffs oppose a stay of the proceedings and have filed a response. (Doc. 29.)[1] Plaintiffs have also filed an affidavit pursuant to Rule 56(f) and an accompanying motion, asking this court to delay ruling on summary judgment until Plaintiffs have conducted limited discovery. (*See* Doc. 30; Doc. 30 Ex. 6)

---

[1] Defendants filed a reply in support of their motion to stay (Doc. 27) three weeks late and without seeking leave of court. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) days after service of the response."). Pursuant to D.N.M.LR-Civ. 7.1(a), Defendants' failure to file a timely reply constituted consent that briefing was complete and their reply will not be considered in this order.

"[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). This means that when a party raises a qualified immunity defense, discovery ordinarily ceases until the court resolves the threshold question of whether the law was clearly established at the time the allegedly unlawful action occurred. *See id.* However, "[q]ualified immunity is not a shield from *all* discovery." *Lewis v. City of Fort Collins*, 903 F.2d 752, 754 (10th Cir. 1990) (citing *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989)). Rather, "[i]n some cases, discovery may be necessary to determine whether the defendants' challenged conduct violated clearly established law and thus, whether defendants are entitled to qualified immunity." *Id.* However, any such discovery must be tailored specifically to the qualified immunity defense. *See id*; *Workman*, 958 F.2d at 336.

Rule 56(f) grants a court discretion to order a continuance and limited discovery when the nonmovant submits an affidavit averring that he possesses insufficient facts to oppose a summary judgment motion. FED R. CIV. P. 56(f); *see also Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006). Although this circuit has noted that Rule 56(f) affidavits "should be treated liberally unless dilatory or lacking in merit," *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir.1984) (citation omitted), it has also cautioned that "Rule 56(f) does not operate automatically." *Price ex rel. Price v. Western Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Parties can only invoke Rule 56(f)'s protections if they provide an affidavit that meets certain requirements, which the Tenth Circuit has summarized as follows:

> Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts. In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact.

*Id.* (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

Parties submitting Rule 56(f) affidavits must meet additional requirements when opposing a summary judgment motion that is based on qualified immunity. *See Jones v. City and Cnty. of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988). Rule 56(f) discretion must be limited in these circumstances because "insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible." *Id.* (emphasis omitted) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987) (internal quotation marks omitted)). Therefore, in response to a summary judgment motion based on qualified immunity, a plaintiff's Rule 56(f) affidavit must demonstrate "'how discovery will enable them to rebut a defendant's showing of objective reasonableness' or, stated alternatively, demonstrate a 'connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion.'" *Lewis*, 903 F.2d at 758 (emphasis omitted) (quoting *Jones*, 854 F.2d at 1211). This means that "it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or 'that evidence supporting a party's allegation is in the opposing party's hands.'" *Id.* (quoting *Jones*, 854 F.2d at 1211).

The Tenth Circuit has further emphasized that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Maxey*, 890 F.2d at 282 (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987)). Rule 56(f) discovery requests fall into these categories when they are "designed to flesh out the merits of a plaintiff's claim before a ruling on the immunity defense" or in cases "where the defendant is clearly entitled to immunity." *Id.* (quoting *Lion Boulos*, 834 F.2d at 507. On the other hand:

> Discovery orders entered when the defendant's immunity claim turns at least partially

3

on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad.

*Id.* at 282-83 (quoting *Lion Boulos*, 834 F.2d at 507-08).

Here, Plaintiffs have met a necessary requirement of Rule 56(f) protection by filing a sworn affidavit. (*See* Doc. 30 Ex. 6.) Within it, Plaintiffs assert that no discovery has occurred yet in this case and that they need it to demonstrate a factual dispute as to whether defendants should receive qualified immunity. (*See id.* at 2). At issue in Defendants' qualified immunity defense is whether they violated clearly established law when the deputies stopped, cited, and charged Plaintiffs. (*See* Doc. 1 at 3-4.) If Deputy Hansen stopped Plaintiffs only because of their race and without reasonable suspicion, his actions would violate clearly established law. *E.g., United States v. Soto*, 988 F.2d 1548, 1554 (10th Cir. 1993) ("A detaining officer must have an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring before stopping [an] automobile.") (citation omitted).

The absence of discovery through this point in this case certainly provides an explanation for why facts precluding summary judgment are more difficult to present. However, Plaintiffs do not explain in their Rule 56(f) affidavit what probable facts they believe discovery would uncover in this case or the steps they have taken to attempt to obtain these facts. *See Price*, 232 F.3d at 783. Only two paragraphs in Plaintiffs' affidavit discuss, in general terms, what they believe discovery would uncover:

> In particular, I believe discovery will allow me to demonstrate that Defendants stopped me in my vehicle without reasonable suspicion or probable cause or suspicion of criminal activity but solely for my race.
>
> Given the opportunity to conduct discovery, I believe the evidence will also create material facts to demonstrate that Defendants Otero, K. Figueroa, Green and

4

> Rob Hansen, authorized, initiated, supported and directed a policy, program and/or custom under which they have engaged in a number of operations meant to identify and detain or arrest Latinos for questioning by federal immigration officials of which was the pretext for arresting me. In addition, I believe the evidence will show that Otero County Deputies were also involved in racial and ethnic profiling and discrimination against me and other Latino Otero County residents by Defendants.

(Doc. 30 Ex. 2 at 3.) Yet, in their accompanying Motion for Relief Under Rule 56(f), Plaintiffs contradict themselves by stating that:

> Up to this point, Plaintiffs *have provided enough evidence* to illustrate that Defendants authorized, initiated, supported and directed a policy, program, and/or custom under which they have engaged in a number of operations meant to identify and detain or arrest Hispanics for questioning by federal immigration officials without probable cause or suspicions of criminal activity.

(Doc. 30 at 6 (emphasis added).)

Even more problematic is the fact that Plaintiffs have nowhere elaborated on what material facts, in particular, their discovery request will uncover and how these would counter a qualified immunity defense. *See Price*, 232 F.3d at 783; *Lewis*, 903 F.2d at 758. There are several factual disputes in this case, including whether Deputy Hansen could see that Plaintiffs were Hispanic or that Plaintiffs' tag light was out. (*See* Doc. 31 at 4-5, 10.) However, Plaintiffs do not address any specific facts in their Rule 56(f) affidavit or explain how their discovery request will relate to these issues.

Furthermore, Plaintiffs' Requests for Production in their Rule 56(f) affidavit do not appear to be narrowly tailored to Defendants' qualified immunity defense. *See Workman*, 958 F.2d at 336; *Maxey*, 890 F.2d at 282-83 (explaining that to be neither avoidable nor overly broad, discovery requests must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim"). As an example, Plaintiffs seek:

> [A]ny and *all* documents related or pertaining to any and *all* funds that Otero County or any of its agencies, departments or divisions receives or has received within the

> last three years from any state or federal government, agency, department or division for the purpose of participation in Operation Stonegarden or any other operation, program or policy related to law enforcement or border security initiatives.

(Doc. 30 Ex. 6 at 3.) Requests such as this produce precisely the type of "burdens of broad reaching discovery" from which qualified immunity is supposed to protect. *Lewis*, 903 F.2d at 754 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiffs have made no attempt to limit or explain how their discovery requests are tailored to Defendants' qualified immunity defense. In *Lewis*, the Tenth Circuit held that the district court had abused its discretion and that discovery should have been stayed, after finding that:

> These inspecific references [in Plaintiff's Rule 56(f) affidavit] are simply insufficient to meet Rule 56(f) muster when defendants' claim of qualified immunity is at issue. Plaintiff has not attempted to particularize her request for discovery. She has not explained how any specific documents or depositions will aid in rebutting defendants' showing of objective reasonableness. Rule 56(f) is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity.

*Id.* at 759. Here, Plaintiffs have similarly failed to tailor their discovery request or explain what facts they believe they would uncover. I cannot permit limited discovery in the face of such deficiency.

IT IS THEREFORE ORDERED that Defendants' motion to stay (Doc. 23) is GRANTED and Plaintiffs' motion for relief under Rule 56(f) (Doc. 30) is DENIED. All discovery is STAYED pending a ruling on the Defendants' motion for summary judgment based on qualified immunity and additional grounds.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

6